# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                  :         Case No. 1:03-cr-128
                                               also Case No. 1:08-cv-150

                                               District Judge Susan J. Dlott
       -vs-                                Chief Magistrate Judge Michael R. Merz
                                     :

TIMOTHY SMITH,

       Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 96). On the Court's Order (Doc. No. 97), the United States has filed a Response in Opposition (Doc. No. 98) and Defendant has filed a Reply to Response (Doc. No. 99). District Judge Dlott has referred the case to the undersigned under 28 U.S.C. §636(b).

Defendant pleads five grounds for relief:

> **Ground One:** Counsel was ineffective for not objecting to the District Court for it's [sic] failure to inform the Movant of the mandatory minimum sentence applicable to the count in which his guilty plea was entered.

> **Ground Two:** Counsel was ineffective in not moving the Court on a motion for withdrawl [sic] of the Movant's guilty plea when the District Court erred, in violation of Rule 11, in misstating and misinforming the Movant as to the "maximum punishment being 10 years to life", as this is a clear failure under Rule 11, in that the Movant reasonably concluded that 10 years was the maximum sentence that he could receive in this case.

> **Ground Three:** Counsel was ineffective for not objecting to and moving the Court to, in no degree, impose a two-point enhancement against the Movant for the use of a minor in the commission of a

1

  crime pursuant [to] U.S.S.G. 3B1.

  **Ground Four:** Public Law 80-772, Act of June 25, 1948, Ch. 645, Section I, 62 State. 683 et sew. is unconstitutional and therefore void because H.R. 3190 never passed both [Houses of Congress] as required by Article I, Section 7, Clause 2 [of the United States Constitution].

  **Ground Five:** The District Court order permitting the Movant to executive custody pursuant to Section 3231 (of the unconstitutional Public Law 80-772) were issued ultra vires, are unconstitutional and coram non judice, thus rendering the Movant's imprisonment unconstitutional.

(Motion to Vacate, Doc. No. 96).

## Procedural History

  On December 15, 2003, Defendant was indicted for conspiracy to distribute in excess of five kilograms of cocaine and 50 grams of cocaine base (Count 1), possession with intent to distribute in excess of 500 grams of cocaine (Count 2), and possession with intent to distribute in excess of 50 grams of crack (Count 3) (Indictment, Doc. No. 4). After many pretrial motions, a change of judges, and a change of lawyers, Defendant entered into a Plea Agreement (Doc. No. 70) which provided Defendant would plead guilty to Count 1 and admit that he committed that offense. In signing the Plea Agreement, he admitted he understood that the punishment was from ten years to life imprisonment and he could receive the maximum punishment. *Id*. at ¶¶ 3, 11. He expressly waived the right to appeal the sentence. *Id*. at ¶ 12. On October 12, 2005, he was sentenced to the 300 months confinement which he now claims is unconstitutional.

  Defendant appealed to the Sixth Circuit represented by new counsel. On appeal he argued (1) his guilty plea was invalid in light of the district court's failure to inform him of the mandatory minimum sentence, (2) the district court failed to properly determine whether his defense was

prejudiced by counsel's conflict of interest, (3) the sentence imposed was unreasonable, and (4) the district court improperly calculated his sentence by ruling on prior convictions that had not been proven to a jury. *United States v. Smith*, Case No. 05-4479 (6th Cir. Dec. 18, 2006)(unpublished; copy at Doc. No. 92). As to the first claim, the Circuit Court held there had been no violation of Fed. R. Crim. P. 11 in that Judge Dlott had informed Defendant of the mandatory minimum sentence and, in any event, violations of Rule 11 are evaluated under a harmless error standard. *Id*. at 2, citing *United States v. Syal*, 963 F. 2d 900, 904 (6th Cir. 1992). Defendant filed a timely petition for writ of certiorari in the United States Supreme Court which was denied (Doc. Nos. 94, 94). The instant Motion timely followed.

## Generally Applicable Law

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F. 3d 491, 496-97 (6th Cir. 2003). To obtain relief under 28 U.S.C. §2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780, 99 S. Ct. 2085, 60 L. Ed. 2d 1634 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991).

Persons convicted of federal crimes have a right to appeal to the appropriate circuit court of

appeals and to seek review in the United States Supreme Court.  Considering the efficiency of having all issues dealt with in one proceeding, the federal courts have encouraged use of direct review to the fullest possible extent. Yackle, POSTCONVICTION REMEDIES, §108 (1981).  A motion to vacate under §2255 is not a substitute for direct appeal.  *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).  Absent manifest injustice or special circumstances such as a change in the law, §2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 5th, §41.7(e)(2005), *citing, Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n. 8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981)*,* citing *Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,*  11 F.3d 583  (6th Cir. 1993).  In particular, collateral review under §2255 is rarely if ever available to consider an asserted violation of the Sentencing Guidelines which could have been raised in the district court or on direct appeal.  *Grant v. United States,* 72 F.3d 503 (6th Cir. 1996).

**Analysis**

In his first three Grounds for Relief, Defendant asserts he received ineffective assistance of counsel.  These are claims properly brought in a § 2255 action because the claim arises under the Sixth Amendment.

The governing standard for effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so
> defective as to require reversal of a conviction or death sentence has

> two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

**Ground for Relief One**

5

In his first Ground for Relief, Defendant asserts his counsel was ineffective for failing to object when the District Court did not advise him of the mandatory minimum sentence in the case. There is no valid factual predicate for this claim since the Court of Appeals held the District Court did advise Defendant of the mandatory minimum sentence.

### Ground for Relief Two

The second Ground for Relief is really no different from the first. Defendant asserts his counsel was ineffective for failing to move to withdraw the guilty plea because the District Court advised him of the possible sentence in words which could reasonably lead him to understand the maximum sentence was ten years. Here again the decision of the Circuit Court eliminates any possible factual predicate for this claim, since the appellate court decided Defendant was properly advised of the possible sentence, to wit, ten years to life.

### Ground Three for Relief

In his third Ground for Relief, Defendant asserts his counsel was ineffective for not objecting to a two-point enhancement for use of a minor in commission of the crime of conviction. There is likewise no viable factual predicate for this Ground for Relief because, as the Government's Response shows, defense counsel made this specific objection. (See Response, Doc. No. 98, citing Sentencing Memorandum, Doc. No. 74, at 2.) Even if counsel had failed to address the matter, Judge Dlott found it moot in determining that Defendant was a career criminal. Thus there was no ineffective assistance of counsel on this point because counsel did the very act Defendant accuses him of not doing.

**Grounds for Relief Four and Five**

In his fourth and fifth Grounds for Relief, Defendant asserts that Public Law 80-772 was not validly enacted because it did not pass both Houses of Congress and therefore the sentence imposed in this case pursuant to 28 U.S.C. § 3231 is ultra vires, having never been authorized by a valid Act of Congress. Defendant makes no argument himself in support of these contentions, but attaches nineteen pages of an unidentified document which apparently made the same argument to the United States Supreme Court at some time in the past.

The United States relies on precedent to reject this argument, citing principally *United States v. Schultz*, 2007 WL 2872387 (D. Minn. Sept. 26, 2007), which did indeed reject this claim. The Magistrate Judge whose Report was adopted in *Schulz* relied on *United States v. Casey*, 2005 WL 2114059 (W.D. Tenn.), and *United States v. Charles*, 2002 WL 310556548 (D. Kan. Sept. 9, 2002). The Government also relies on *United States v. Risquet*, 426 F.Supp.2d 310, 311-12 (E.D. Pa. 2006); *United States v. Lawrence*, 2006 WL 250702 (N.D. Ill. Jan. 27, 2006); *Lister v. United States,* 2006 WL 3751324, *1, *1-2 (N.D. Tex. Dec. 20, 2006); and *United States v. Casey*, 2005 WL 2114059, *1, *4 (W.D. Tenn. Aug. 30, 2005). Virtually all of these cases find as a matter of fact that Public Law 80-772 did indeed pass both houses of Congress and was signed into law by President Truman on June 25, 1948.

The statute in question, 18 U.S.C. § 3231, provides "the district courts of the United States shall have original jurisdiction, regardless of the courts of the States, of all offenses against the laws of the United States." "From the First Judiciary Act to the present, Congress has provided in the Judicial Code that in certain instances the jurisdiction of the federal courts shall be exclusive of the courts of the several states." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3527. It is beyond historical dispute that the exclusive jurisdiction of the federal courts over

federal offenses goes back to the First Judiciary Act. to wit, the Act of Sept. 24, 1789.  See Hart & Wechsler's The Federal Courts and the Federal System at 424 (5th ed. 2003).  If the Court then assumed that Defendant was correct and the 1948 codification of federal criminal law was not validly enacted, the prior provision stemming from the First Judiciary Act would still be effective.  Simply put, if the replacement was not validly enacted, the original would still be in place.

## Conclusion

Defendant's Motion to Vacate under 28 U.S.C. § 2255 is without merit and should be denied with prejudice.  Because reasonable jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

June 4, 2008.

s/ **Michael R. Merz**<br>
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).